Monmouth County Court of Common Pleas.

J. LEONARD GREIF, PETITIONER-APPELLEE, v. BETSY ROSS ICE CREAM CO., RESPONDENT-APPELLANT.

Decided June 11, 1941.

For the petitioner-appellee, *Fleming & Potter* (by *Russel Fleming*).

For the respondent-appellant, *Reid, Kelly & Flaherty* (by *Edwin J. O'Brien*).

Giordano, C. P. J. This appeal involves the construction of chapter 280, *Pamph. L.* 1931, now known as *R. S.* 34:15-51; *N. J. S. A.* 34:15-51, and specifically whether the payment of a medical bill by an employer constitutes an agreement to pay compensation so as to toll the running of the time for filing a petition for compensation.

The petitioner sustained a compensable accident on September 1st, 1938. No compensation for temporary or permanent disability was paid or demanded by the petitioner. On January 11th, 1939, at the request of petitioner, respondent reimbursed him in the sum of $25, the cost of a surgical belt and on February 6th, 1939, the petitioner was reimbursed in the sum of $9.19, the cost of bandages and adhesives. The petition in question admittedly was not filed until October 4th, 1940, more than two years after the occurrence of the accident, but within two years of the time the respondent reimbursed petitioner for the cost of the surgical belt.

The Workmen's Compensation Law is social legislation and should so be treated. It is remedial in nature and its basic principle is indemnity. The theory is that compensation is

one of the necessary expenses of the business against which the employer must protect himself. The act is a declaration by the legislature of a public policy and the fundamental basis under the procedure of the Workmen's Compensation Act rests upon a contract between employer and employe either by express or implied consent, and to warrant a recovery under the act it must appear that the injury was caused by accident, which for the purpose of this appeal is not disputed; that the accident arose out of the employment, which here is not disputed and that the accident arose in the course of the employment which is also not disputed.

The question presented is one of law. The pertinent provision of the Compensation Act involved and the particular part of *R. S.* 34:15-51; *N. J. S. A.* 34:15-51, which calls for an interpretation reads as follows:

"Every claimant * * * shall * * * file a petition in duplicate with the secretary of the bureau in his office, at the state house, in Trenton, within two years after the date on which the accident occurred, or in case an agreement for compensation has been made between the employer and the claimant, then within two years after the failure of the employer to make payment pursuant to the terms of such agreement; or in case a part of the compensation has been paid by the employer, then within two years after the last payment of compensation. Any payment made in accordance with the provisions of article 2 of this chapter (*R. S.* 34:15-7 *et seq.; N. J. S. A.* 34:15-7 *et seq.*) shall constitute an agreement for compensation."

Prior to the enactment of the foregoing amendment our courts repeatedly held that medical aid did not constitute an agreement for compensation, and such payment, of course, had no effect upon extending the jurisdictional limitation.

The legislature by the passage and the adoption of the amendment in question broadened the scope of the act by substituting the word *any* payment or payments in the place of the word *a* payment or payments. By virtue of the amendment, *R. S.* 34:15-51 is now in complete harmony with *R. S.* 34:15-14, 34:15-15 and 34:15-16; *N. J. S. A.* 34:15-14, 34:15-15 and 34:15-16, and should be so treated.

When the Workmen's Compensation Law was first enacted it contained no time limitation on filing original claim petitions, and an award could be reviewed for changing in disability any time after expiration of one year from its making. *Pamph. L.* 1911, *p.* 143; *Pamph. L.* 1913, *ch.* 174, *p.* 314, first introduced a statute of limitations requiring that a claim petition be filed within one year from the date of .accident. In 1918 (*Pamph. L.* 1918, *ch.* 149, *p.* 431, § 5), the statute was amended so that it ran not only from the date of the accident but also from (1) the failure of an employer to pay pursuant to agreement between himself and the employe, and (2) "in case compensation has been paid by such employer, then within one year after the last payment of ˊcompensation." *Pamph. L.* 1921, *ch.* 229, *p.* 731, further amended the statute by providing that part payment of compensation, also, would renew the running of the statute.

Since the passage of *R. S.* 34:15-51; *N. J. S. A.* 34:15-51, the inquiry is whether or not this provision changed the scope of inquiry in determining whether a payment had tolled the statute. Under prior acts the problem had been whether payment for medical treatment was a "payment of compensation." Now the inquiry is whether the payment is one which the employer is obligated to make under the provisions of the act dealing with elective compensation. Substitution of the word "any" for the word "a" merely serves to emphasize this fact. The purpose of the legislature in making this substitution is apparent. The provisions of a consolidated act must be considered as expressing a legislative intent to which the courts must give effect. *State* v. *Hoffman,* 71 *N. J. L.* 285; 58 *Atl. Rep.* 1012.

"A modification of the law was indubitably contemplated. This fairly is to be presumed from the change in phraseology. There is a presumption against useless legislation. A change in the language of a statute, especially after it has had a settled judicial construction, ordinarily implies a purposeful alteration in substance." *Tucker* v. *Frank J. Bellramo, Inc.,* 117 *N. J. L.* 72; 186 *Atl. Rep.* 821 (subsequently affirmed by the Court of Errors and Appeals, *per curiam,* 118 *N. J. L.* 301; 192 *Atl. Rep.* 62).

The courts have held the 1937 revision to be newly enacted legislation. *Messler's Estate,* 16 *N. J. Mis. R.* 434; 1 *Atl. Rep.* (*2d*) 322; *Saslow* v. *Previti,* 17 *N. J. Mis. R.* 29; 3 *Atl. Rep.* (*2d*) 811; *Deluca* v. *Bodman,* 17 *N. J. Mis. R.* 1; 4 *Atl. Rep.* (*2d*) 774.

In the case at bar the employer was unquestionably obligated under the statute to furnish the employe with medical treatment and to pay for it. (*R. S.* 34:15-15; *N. J. S. A.* 34:15-15.) And it can not be doubted that payment for medical treatment furnished constituted payment under article 2 of the act. Clearly, the intent of the legislature can not be effectuated except by considering payment for medical treatment as tolling the statute. The section under consideration is not, like other statutes of limitation, merely a statute of repose, and although the respondent argues in its brief that the case of *Smith* v. *Klemm,* reported in 118 *N. J. L.* 471; 193 *Atl. Rep.* 790, is dispositive of the issues herein, the court is of the opinion that these issues have never been passed upon since the enactment of the Revision of 1937 and that no such determination of the issues here involved can be inferred from the decision rendered in re Smith *v.* Klemm. It is not applicable and it is not dispositive.

It is the opinion of this court that the rendition of medical treatment is an integral part of the humane intention of the legislature to give to employes the protection required under the exigencies. Medical treatment is as much a part of the compensation as the monetary award and a contrary interpretation would be inimicable to the whole theory of this social legislation.

I am of the opinion that the payment of the medical bills by the respondent constitutes an agreement to pay compensation so as to toll the running of the time for filing the petition for compensation, and I so construe chapter 280, *Pamph. L.* 1931, now known as *R. S.* 34:15-51; *N. J. S. A.* 34:15-51, and accordingly affirm the judgment of the court below.