190 N.J. Super. 111 (1983)
462 A.2d 182
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
TYRONE RODNEY WILLIAMS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 29, 1983.
Decided June 9, 1983.
*113 Before Judges MICHELS, PRESSLER and TRAUTWEIN.
Charles D. Whelan, III, Designated Counsel, argued the cause for appellant (Joseph H. Rodriguez, Public Defender, attorney; Charles D. Whelan III, of counsel and on the brief).
Frank M. Gennaro, Deputy Attorney General, argued the cause for respondent (Irwin I. Kimmelman, Attorney General of New Jersey, attorney; Daniel Louis Grossman, Deputy Attorney General, of counsel and on the letter brief).
The opinion of the Court was delivered by MICHELS, P.J.A.D.
Following a jury trial, defendant Tyrone Rodney Williams was convicted of receiving stolen property in violation of N.J.S.A. 2C:20-7 and N.J.S.A. 2C:20-2 a. Defendant's motion for a new trial on the ground that his right to a fair trial had been infringed by the failure of one of the jurors to reveal that she had been convicted of a crime when she answered the standard juror disqualification form was denied. Defendant was then committed to the Youth Correctional Institution Complex for an indeterminate term not to exceed a maximum of five years and ordered to make restitution in the sum of $779.25. He appeals.
Defendant contends that the trial judge erred in denying his motion for a new trial. He argues that since one of the jurors was disqualified from serving by reason of having been convicted of a crime, he was denied his fundamental right to be tried by a fair and impartial jury of 12 persons. One of the jurors had in fact been convicted of welfare fraud, given a suspended county jail sentence and placed on probation for five years. *114 Nonetheless, that juror negatively answered the inquiry in the juror prequalification form "Have you ever been convicted of a crime?" During voir dire examination the trial judge inquired further of that juror, "[H]ave you or anybody in your family ever been convicted  ever been a victim of a crime?" She answered that her mother had been the victim of an assault. Although the question was somewhat ambiguous, neither the trial judge nor counsel inquired further whether the juror had been convicted of a crime and the juror did not reveal that she had been convicted of welfare fraud or that she had received a suspended sentence or that she was then on probation.
Shortly after the jury returned its verdict of guilty, the trial judge and counsel were informed of that particular juror's prior criminal record. Defendant immediately moved for a new trial. The trial judge denied the motion, concluding in part that N.J.S.A. 2A:78-6, which "bars any exception based on disqualification after the juror is sworn, really envisions the very situation we have here, that is, that a disqualified juror would, in fact, become sworn and vote on a verdict. The final paragraph of [N.J.S.A.] 2A:78-6, therefore, would preserve the integrity of the verdict in such rare event." We disagree and reverse.
It is fundamental that a defendant has a right to a trial by a fair and impartial jury. The qualifications for service as a grand juror or petit juror are statutory and are set forth with clarity in N.J.S.A. 2A:69-1, which provides:
Every person, male and female, summoned as a grand juror, and every petit juror returned for the trial of any action of a civil or criminal nature in any of the courts of this State, shall be a citizen of this State for at least 2 years; over 21 and under 75 years of age; a resident of the county from which he shall be taken; shall not have been convicted of a crime; and shall not, at the time of his selection, be a person who through his office, position or employment is either directly or indirectly connected with the administration of justice. Such person shall be able to read, write and understand the English language and shall not have any mental or physical disability which will prevent him from properly serving as a juror.
It is equally settled that the lack of any one of these qualifications constitutes good cause to challenge a prospective juror. N.J.S.A. 2A:78-6 provides:

*115 It shall be good cause of challenge to any person summoned as a grand juror or as a petit juror on the trial of any action of a civil or criminal nature in any of the courts of this state, that he does not possess the qualifications required by section 2A:69-1 of this title, or that he has served as a petit juror within the preceding year. Such person shall be discharged upon such challenge being verified according to law or on his own oath in support thereof.
No exception to any juror, grand or petit, on account of his citizenship, age or other legal disability shall be allowed after the juror has been sworn.
Here, it is uncontroverted that the juror had been convicted of a crime at the time she executed the prequalification form and therefore was disqualified and legally disabled from serving as a petit juror. N.J.S.A. 2A:69-1. See also N.J.S.A. 2C:51-3 b; In re Jeck, 26 N.J. Super. 514, 519 (App.Div.), certif. den. 13 N.J. 429 (1953). Had the juror been challenged for cause, the trial judge would have been under a statutory mandate to discharge her from prospective jury service. However, the juror was not challenged for cause because defendant did not know of her disqualification or legal disability before she was sworn. On the contrary, defendant had a right to assume that since the juror had been prequalified, she had not been convicted of a crime and therefore that there was no need to explore further the juror's qualification on voir dire examination. Defendant had the same right to rely on the truthfulness of the juror's answers to the prequalification questions as he had to rely on the truthfulness of her answers to the questions asked of her during the jury selection process. Consequently, the failure of the juror to make a truthful answer to the prequalification inquiry concerning her prior criminal record effectively denied defendant the right to challenge the juror for cause. The denial of this substantial right deprived defendant of a trial by a fair and impartial jury.
In order to contest the verdict on the basis of the fairness of the trial process, defendant was not required to show that the juror's failure to respond truthfully to the prequalification inquiry was deliberate or that she was in fact prejudiced or that her prior conviction of a crime tainted the verdict. See Wright v. Bernstein, 23 N.J. 284, 295 (1957); State v. Thompson, 142 *116 N.J. Super. 274, 280 (App.Div. 1976). The prequalification question was clear and went to the basic issue of the qualification and legal ability of the prospective juror to serve. The juror's negative response, whether deliberate or inadvertent, was misleading and thwarted defendant's opportunity to select a fair and impartial jury through the exercise of the right to challenge for cause. In this regard, we deem it appropriate to repeat what the Supreme Court so forcefully stated in Wright v. Bernstein, supra, when discussing the effect of the denial of the correlative right to exercise a peremptory challenge:
The fundamental right of trial by a fair and impartial jury is jealously guarded by the courts. The jury is an integral part of the court for the administration of justice, and on elementary principles its verdict must be obedient to the court's charge based solely on legal evidence produced before it and entirely free from the taint of extraneous considerations and influences. The parties to the action are entitled to have each of the jurors who hears the case impartial, unprejudiced and free from improper influences. Panko v. Flintkote Co., 7 N.J. 55, 61 (1951).
What happened in this case had the effect of nullifying the purpose of the examination and was as effective as though the trial court had denied the right of challenge. The denial of the right of peremptory challenge is the denial of a substantial right. When it is not waived by conduct, it is prejudicial per se and harmful, and a party is not required to make an affirmative showing that the denial of his right to peremptory challenge had resulted in prejudice and injury to his cause of action on the merits.
The test in such a situation where there is an intrusion of irregular influences into the trial is not whether the irregular matter actually influenced the result, but whether it had the capacity for doing so. The stringency of the rule is grounded upon the necessity of keeping the administration of justice pure and free from all suspicion of corrupting practices. Panko v. Flintkote Co., supra. [23 N.J. at 294-295].
These principles have been reaffirmed in In re Kozlov, 79 N.J. 232, 239 (1979), wherein the court emphasized:
Where a juror on voir dire fails to disclose potentially prejudicial material, such as that involved in this case, a party may be regarded as having been denied fair trial. This is not necessarily because of any actual or provable prejudice to his case attributable to such juror, but rather because of his loss, by reason of that failure of disclosure, of the opportunity to have excused the juror by appropriate challenge, thus assuring with maximum possible certainty that he be judged fairly by an impartial jury. United States v. McCorkle, 248 F.2d 1, 6-9 (3d Cir.), cert. den. 355 U.S. 873, 78 S.Ct. 121, 2 L.Ed.2d 77 (1957).
*117 See also State v. Deatore, 70 N.J. 100, 105-106 (1976); State v. Thompson, supra, 142 N.J. Super. at 280-281 (applying New Jersey law); But cf. United States v. Currie, 609 F.2d 1193, 1194 (6th Cir.1979), cert. den. 445 U.S. 928, 100 S.Ct. 1314, 63 L.Ed.2d 760 (1980); Atlas Roofing Mfg. Co. v. Parnell, 409 F.2d 1191, 1193 (5th Cir.1969).
Finally, contrary to the trial court's conclusion, N.J.S.A. 2A:78-6 does not preclude defendant in the circumstances here from attacking the fairness and impartiality of the jury simply because the juror had not been challenged for cause prior to being sworn. N.J.S.A. 2A:78-6, which in part provides that "[n]o exception to any juror, grand or petit, on account of his citizenship, age or other legal disability shall be allowed after the juror has been sworn," was enacted to preserve the integrity of a verdict where the parties failed to challenge a prospective juror who was not qualified under the statute. The failure to challenge a juror prior to being sworn in such a case represents a waiver of the right to challenge for cause. See Iverson v. Prudential Ins. Co., 126 N.J.L. 280, 286 (E. & A. 1941); Olivo v. Strand Eng'g, Inc., 30 N.J. Super. 544, 547 (App.Div. 1954); State v. Hoffman, 70 N.J.L. 629, 630 (Sup.Ct. 1904), aff'd 71 N.J.L. 285 (E. & A. 1904). In our view, it is implicit that if the juror has not made a full and truthful answer to questions going to qualification, there can be no waiver and hence the statute will not preclude a challenge for cause when the juror's legal disability and consequent potential for taint is not revealed until after the juror has been sworn. The nondisclosure of a disqualification or legal disability of the nature here involved  a prior criminal conviction  affects substantial rights of a defendant and impinges on the integrity of the trial process. State v. Thompson, supra. By contrast, qualifications such as age, citizenship, and prior service do not implicate the juror's partiality, prejudice or fairness. We are convinced that in the circumstances of this case defendant was deprived of a trial by a fair and impartial jury. The court therefore erred in denying his motion for a new trial.
*118 Accordingly, defendant's conviction is reversed and the matter remanded to the trial court for a new trial. In view of this decision, we deem it unnecessary to reach the other issues raised by defendant in this appeal.