**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4243-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

EMMANUEL PIERREVIL,

    Defendant-Appellant,

_____

Submitted September 13, 2022 – Decided September 20, 2022

Before Judges Messano and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 09-01-0262.

Emmanuel Pierrevil, appellant pro se.

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Caitlinn Raimo, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Emmanuel Pierrevil appeals pro se from a January 14, 2020 order denying his motion for a new trial based on newly discovered evidence. As he did before the motion judge, defendant contends he was denied a fair trial because a deliberating juror failed to provide truthful answers during jury selection. Defendant maintains had the juror advised the court her domestic partner was the victim of a violent crime, his trial attorney would have sought the juror's removal for cause or exercised a peremptory challenge. Because defendant fails to meet the standards for granting a new trial, we affirm.

I.

In 2011, a jury convicted defendant and his co-defendant, Jameel Robbins, of multiple counts charged in an Essex County indictment, including second-degree carjacking, second-degree eluding, second-degree aggravated assault, and weapons offenses. Defendant was sentenced to an aggregate forty-year prison sentence, with a twenty-seven-year period of parole ineligibility. Both defendants appealed; we issued a consolidated opinion affirming their convictions and sentences. State v. Rollins, No. A-2468-11 (App. Div. Aug. 19, 2014). The Supreme Court denied certification. 220 N.J. 573 (2015). We incorporate by reference the details of the carjacking, which were set forth at length in our prior opinion. Rollins, No. A-2468-11 (slip op. at 7-9).

Defendants thereafter separately filed timely petitions for post-conviction relief (PCR), alleging ineffective assistance of their trial attorneys. The trial court denied PCR, defendants appealed, and we issued a consolidated opinion affirming the court's orders. State v. Pierrevil, No. 3198-15 (App. Div. Feb. 22, 2018). The Supreme Court denied certification. 236 N.J. 33 (2018).

Defendant then retained a private investigator, who interviewed the juror's longtime domestic partner, Na-il Johnson. The details leading to Johnson's interview are not contained in the record. We glean from the five-page transcript of the December 28, 2018 recorded interview that Johnson somehow knew Rollins. However, Johnson was not aware of defendants' trial until he read a newspaper article following their convictions. At that point, the juror told Johnson she had "presided over [defendants'] case," but did not disclose any details. Johnson said while the trial was ongoing, the juror acknowledged "she was on jury duty," but she "follow[ed] the rules" and "didn't particularly say what was going on in [her] jury duty."

In essence, Johnson told the investigator he had been the victim of a shooting and stabbing incident prior to defendants' trial; he was living in East Orange with the juror at the time of the attack; and the juror was aware of the incident. The investigator clearly conveyed the purpose of the interview was to

determine whether the juror's failure to disclose Johnson had been a victim of a violent crime "might [have] affect[ed] her judgment." Johnson replied, "I don't know what her thinking was actually at that time."

In April 2019, defendant moved for a new trial, contending the juror failed to disclose during voir dire that her domestic partner had been the victim of a crime. Defendant annexed to his brief the transcript of Johnson's unsworn statement to the private investigator. Defendant neither filed a sworn statement in support of his claims nor the transcript of jury selection.[1]

On October 2, 2019, the same judge who tried the case and denied PCR, issued a letter opinion denying defendant's motion. The judge concluded

---

[1] Claiming he "misplaced the relevant jury selection transcripts," defendant instead cited the questions contained in Administrative Directive #21-06: Approved Jury Selection Standards, Including Model Voir Dire Questions, which provided: "Have you or any family member or close friend ever been the victim of a crime, whether it was reported to law enforcement or not? If yes, was anyone arrested? How long ago was it? Where did it occur? Were you satisfied with the outcome?" (Question 19). Admin Off. of the Cts., Administrative Directive #21-06, Approved Jury Selection Standards, Including Model Voir Dire Questions 13 (December 11, 2006) (AOC Directive #21-06). At the time of defendant's trial however, Question 19 had been revised to eliminate all but the first question. See Admin. Off. of the Cts., Administrative Directive #04-07, Model Voir Dire Questions Promulgated by Directive #21-06 – Revised Procedures and Questions 4 (May 16, 2007) (AOC Directive #04-07). The motion judge apparently accepted defendant's representation that the juror failed to disclose Johnson had been the victim of a crime, and the State does not contend otherwise on appeal.

A-4243-19

defendant failed to satisfy the three-prong test for granting a new trial based on newly discovered evidence set forth by our Supreme Court in State v. Carter, 85 N.J. 300, 314 (1981).

The following month, defendant filed another motion for a new trial based on the same evidence, citing State v. Cooper, 151 N.J. 326 (1997), and State v. Thompson, 142 N.J. Super. 274, 280 (App. Div. 1976). On January 14, 2020, the judge issued a second letter opinion, again denying defendant's motion under Carter; distinguishing the facts of the present matter from Thompson; and finding, similar to the defendant in Cooper, defendant in the present case failed to demonstrate "he would have exercised a preemptory strike at the time of trial" or that the juror's "answer was a material misrepresentation." This appeal followed.

On appeal, defendant raises the following point in his merits brief:

LEGAL ARGUMENT

DEFENDANT URGES THIS COURT TO REVERSE AND REMAND THE LOWER COURT'S DECISIONS DENYING TWO RESPECTIVE [PRO SE] MOTIONS FOR A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE, PARTICULARLY WHEN THE CITED AUTHORITIES FULLY SUPPORTED DEFENDANT'S CONTENTION THAT A PROSPECTIVE JUROR'S UNTRUTHFUL RESPONSES TO VOIR DIRE QUESTIONS EFFECTIVELY DEPRIVED . . . DEFENDANT FROM

SEEKING THE JUROR'S DISMISSAL FOR CAUSE; OR, IN THE ALTERNATIVE, FROM UTILIZING A PEREMPTORY CHALLENGE.

Defendant asserts an additional argument in his reply brief:

IN LIGHT OF THE PROCEDURAL POSTURE OF THIS CASE[,] DEFENDANT URGES THIS MATTER BE REMANDED TO THE LAW DIVISION FOR ASSIGNMENT OF COUNSEL SO THAT A MORE COMPLETE RECORD CAN BE ESTABLISHED.

We reject these contentions and affirm.

II.

"A motion for a new trial based on the ground of newly[]discovered evidence may be made at any time." R. 3:20-2. In Carter, our Supreme Court adopted a three-prong test for granting a new trial based on newly discovered evidence. Under that test

to qualify as newly discovered evidence entitling a party to a new trial, the new evidence must be: (1) material to the issue and not merely cumulative or impeaching or contradictory; (2) discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted.

[Carter, 85 N.J. at 314].

See also State v. Szemple, 247 N.J. 82, 99 (2021).

"[A]ll three prongs of th[e] test must be satisfied before a defendant will gain the relief of a new trial." State v. Ways, 180 N.J. 171, 187 (2004); see also Carter, 85 N.J. at 314. The defendant bears the burden of establishing each prong. See State v. Fortin, 464 N.J. Super. 193, 216 (App. Div. 2020), certif. denied, 246 N.J. 50 (2021); see also State v. Smith, 29 N.J. 561, 573 (1959).

Under prong one, a defendant must show the evidence "ha[s] some bearing on the claims being advanced" and includes "evidence that supports a defense, such as alibi, third-party guilt, or a general denial of guilt." Ways, 180 N.J. at 188. To satisfy prong two, "the new evidence must have been discovered after completion of trial and must not have been discoverable earlier through the exercise of reasonable diligence." Id. at 192. Ordinarily, a defendant must "act with reasonable dispatch in searching for evidence before the start of the trial." Ibid. The court must then evaluate "the probable impact such evidence would have on a jury verdict." Id. at 189. Thus, the inquiry under prong three is "whether the evidence is 'of the sort that would probably change the jury's verdict if a new trial were granted.'" Ibid. (quoting Carter, 85 N.J. at 314); see also State v. Haines, 20 N.J. 438, 445 (1956).

Motions for a new trial based on newly discovered evidence "should be granted with caution by a trial court since [they] disrupt[] the judicial process."

7

State v. Conway, 193 N.J. Super. 133, 171 (App. Div. 1984). "We review a motion for a new trial decision for an abuse of discretion." Fortin, 464 N.J. Super. at 216.

As a general rule, "[w]hen a juror incorrectly omits information during voir dire, the omission is presumed to have been prejudicial if it had the potential to be prejudicial." Cooper, 151 N.J. at 349. In Cooper, however, the Court explained "that rule is not as all-encompassing as it appears at first glance." Ibid. Rather, the party must demonstrate "had he or she known of the omitted information, he or she would have exercised a peremptory challenge to exclude the juror." Ibid. The Court reasoned: "Absent an affirmative showing that a litigant would have exercised a peremptory challenge to exclude a juror, the voir dire omission is harmless." Id. at 350.

In the present matter, the motion judge found defendant failed to establish the first and third Carter prongs. We agree.

As the judge correctly concluded, under the first prong, defendant failed to demonstrate the juror's omission was "sufficiently material under the Carter standard." Nor did defendant present any evidence supporting his general denial of guilt under Ways. As to prong three, the judge found defendant failed to "put

8

forth evidence to show that without [the juror]'s subjective answer, the jury verdict would have been different."

For example, defendant did not show that because Johnson had been the victim of a violent crime, the juror was unable to judge defendant's charges based on the evidence adduced at trial. As noted, defendant did not produce the jury selection transcript, relying instead on the AOC Directive for jury selection voir dire. However, at least two other standard voir dire questions addressed whether the prospective jurors could be fair and impartial. See AOC Directive #04-07, Question 14 ("Based on what I have told you, is there anything about this case or the nature of the claim itself, that would interfere with your ability to be fair and impartial and to apply the law as instructed by the court?"); Question 26 ("Is there anything about this case, based on what I've told you, that would interfere with your ability to be fair and impartial?").

Nor does the record contain a sworn statement from the juror as to the impact of the crime against Johnson on her ability to judge defendant's charges. The only evidence in the record alluding to the juror's ability to judge the case fairly is Johnson's statement to the investigator that she "follow[ed] the rules." Further, defendant has not affirmatively demonstrated his trial attorney would

have exercised a peremptory challenge to exclude the juror. Absent from the record is any sworn statement supporting his claim. See Cooper, 151 N.J at 351.

Moreover, defendant was "arrested as he tried to escape on foot" after the car stolen by defendants at gunpoint crashed. Rollins, No. A-2468-11 (slip op. at 8). Witnesses at the scene then saw defendant "toss a gun on top of a nearby building." Ibid. On these facts, defendant has not shown the newly discovered evidence had "the probable effect of raising a reasonable doubt as to [his] guilt." Ways, 180 N.J. at 189.

Further, the cases cited by defendant are factually distinguishable from the present matter. As the motion judge observed in Thompson, we reversed the defendant's convictions where a juror failed to reveal he had served as a guard in a correctional institution approximately twenty-five years earlier and at the time of trial was serving on a municipal juvenile hearing board. 142 N.J. Super. at 278. In State v. Williams, 190 N.J. Super. 111, 114 (App. Div. 1983), we reversed the defendant's convictions where the juror failed to disclose her prior criminal record. Unlike the jurors in Thompson and Williams, the juror in the present case was not involved with the criminal justice system. Her failure to inform the court that Johnson was a crime victim, without an affirmative

showing that defendant would have sought her removal for cause or exercised a peremptory challenge, did not warrant a new trial.

Lastly, an issue that is not addressed in a party's initial merits brief is deemed to be waived. See State v. Amboy Nat. Bank, 447 N.J. Super. 142, 148, n.1 (App. Div. 2016). It is improper for a party to raise an issue for the first time in a reply brief or enlarge the main argument. See State v. Smith, 55 N.J. 476, 488 (1970). By failing to address the appointment of counsel in his initial brief, defendant's point on reply is not properly before us.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4243-19